# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF KANSAS

```
EYE STYLE OPTICS, LLC.,           )
SPENCER LOWE;                     )
LISA MCDERMOTT;                   )
                                  )
          Plaintiffs,             )
                                  )
     v.                           )    Case No. 14-2118-RDR
                                  )
                                  )
STATE FARM FIRE AND CASUALTY      )
COMPANY.                          )
          Defendant.              )
```

# MEMORANDUM AND ORDER

This civil action is before the court primarily upon defendant's motion to dismiss pursuant to FED.R.CIV.P. 12(b)(1) and 12(b)(6). This action alleges a claim for declaratory judgment and claims for breach of contract and breach of duty of good faith and fair dealing. The focus of the arguments in the motion to dismiss concerns plaintiffs' claim for declaratory judgment. Defendant makes jurisdictional arguments and also asserts that plaintiffs have failed to state a claim. Upon review, the court rejects defendant's jurisdictional attacks, but agrees that plaintiffs have failed to state a claim.

I. RELATED MOTIONS

Before addressing the motion to dismiss, the court shall direct that plaintiffs' motion for leave to file a surreply in opposition to the motion to dismiss (Doc. No. 15) be granted.

The court further finds that, in light of the action taken upon the motion to dismiss, plaintiffs' motion for summary judgment (Doc. No. 10) and defendant's motion to stay deadlines are moot (Doc. No. 13).

II. ALLEGATIONS IN THE COMPLAINT

The complaint alleges that plaintiff Eye Style is the insured on a "Businessowners Policy" issued by defendant effective August 9, 2013 through August 9, 2014. Plaintiff Lowe and plaintiff McDermott are individual members and managers of plaintiff Eye Style. The complaint refers to the plaintiffs collectively as "Eye Style." The court shall do the same for the remainder of this order.

According to the complaint, the policy requires defendant to defend and indemnify Eye Style in a lawsuit captioned <u>Romanelli Optix, Inc. v. Eye Style Optics, LLC and Spencer Lowe and Lisa McDermott</u>, Case No. 13CV6605 filed in the District Court of Johnson County, Kansas. Eye Style asserts in the complaint that defendant agreed to defend Eye Style in the lawsuit as of a letter dated September 30, 2013 and appointed counsel to do so. The same letter provided various grounds under which defendant reserved its right to deny defense and indemnity to Eye Style. Eye Style alleges that this letter created a potential conflict between Eye Style and defendant in the defense of the state court lawsuit.

Eye Style has notified defendant that it desires independent counsel <u>of Eye Style's choosing</u> to defend Eye Style in the lawsuit. Eye Style hired counsel from Lathrop & Gage LLP to represent Eye Style in the lawsuit shortly after it was filed. Eye Style asserts that defendant has wrongfully refused and continues to wrongfully refuse to reimburse defense costs incurred by Eye Style through Lathrop & Gage LLP after September 30, 2013. Defendant's position is that providing a defense through defendant's choice of counsel but still subject to a reservation of rights is appropriate under Kansas law. Defendant has reimbursed expenses and costs charged by Lathrop & Gage LLP for work done prior to September 30, 2013.

Eye Style seeks a "declaratory judgment that [defendant] is obligated to reimburse the reasonable and necessary defense costs and expenses incurred by independent counsel of Eye Style's] choosing in defense of Eye Style in the [u]nderlying [s]uit." Doc. No. 1, ¶ 9. Eye Style asserts that defendant's "failure and refusal to pay Eye Style's selected defense counsel is a breach of [defendant's] duty to defend Eye Style under Kansas law." Doc. No. 1, ¶ 46. Eye Style also alleges that defendant's conduct represents a breach of the insurance contract and a violation of defendant's duty of good faith and fair dealing.

III. MOTION TO DISMISS STANDARDS

Defendant makes largely a facial attack against this court's subject matter jurisdiction over Eye Style's claim for declaratory relief, arguing that under the facts alleged by Eye Style, there is no case or controversy for the court to consider and no prudential grounds for the court to exercise its discretion to consider Eye Style's claims for declaratory relief. Defendant bases these contentions in part upon the fact that the defense offered by defendant through counsel appointed by defendant has been refused by Eye Style. This "fact" is not directly alleged in the complaint, but it is readily inferred from the complaint and the parties' arguments in this matter. Defendant's other "jurisdictional" arguments appear to be based upon the facts as alleged in the complaint.

Accordingly, the court shall consider Eye Style's well-pleaded factual allegations as true and view them in the light most favorable to Eye Style in deciding defendant's arguments to dismiss this case under Rule 12(b)(1) and 12(b)(6). See Muscogee (Creek) Nation v. Oklahoma Tax Com'n, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010). As for defendant's arguments under Rule 12(b)(6), the court must decide whether Eye Style has stated a claim that is plausible on its face. Casanova v. Ulibarri, 595 F.3d 1120, 1124 (10th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

IV. THE COURT SHALL CONSIDER EYE STYLE'S DECLARATORY JUDGMENT CLAIM.

Eye Style has filed this action for declaratory relief asking that the court declare that Eye Style is entitled to select its own counsel and that defendant should pay Eye Style compensatory damages for alleged breaches of contract and/or duty of good-faith and fair dealing.

The Declaratory Judgment Act provides, in relevant part: "In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

Defendant argues that this court should not exercise its discretion to consider Eye Style's claim for declaratory judgment. Defendant argues this for two reasons. First, as already mentioned, defendant claims that there is no actual case or controversy because defendant remains willing to supply independent counsel which defendant selects to defend the underlying state lawsuit. While this may be true, the

controversy in this matter is whether defendant is obligated by the insurance contract to pay for the legal services supplied by the counsel which Eye Style chooses. This is an actual controversy. See Jordan v. Sosa, 654 F.3d 1012, 1025 (10th Cir. 2011)(a declaratory judgment action resolves a case or controversy if it settles some dispute which affects the behavior of the defendant toward the plaintiff). The decision of this action will affect what charges defendant pays on behalf of Eye Style for the defense of the underlying lawsuit. Therefore, it involves an actual case or controversy.[1]

Defendant further argues that the court should exercise its discretion to refuse to hear Eye Style's claims for declaratory relief. In deciding whether to exercise the discretion to hear Eye Style's claim for declaratory judgment, the court should consider the following factors:

> 1) whether a declaratory action would settle the controversy; 2) whether it would serve a useful purpose in clarifying the legal relations at issue; 3) whether the declaratory remedy is being used for the purpose of procedural fencing or to provide an arena for a race to res judicata; 4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and 5) whether there is an alternative remedy which is better or more effective.

---

[1] Defendant's citation to Calderon v. Ashmus, 523 U.S. 740 (1998) is distinguishable. In Calderon, a declaratory judgment was sought as to the validity of a defense that may or may not have been raised in future habeas proceedings. Here, there is no doubt that defendant claims now and will continue to claim that it has fulfilled its obligation to provide independent counsel for Eye Style's defense of the underlying lawsuit.

State Farm Fire & Casualty Co. v. Mhoon, 31 F.3d 979, 983 (10th Cir. 1994)(quoting Allstate Ins. Co. v. Green, 825 F.2d 1061, 1063 (6th Cir. 1987)).  The court's review of these factors convinces us that the court should decide Eye Style's claim for declaratory relief.

Defendant argues that deciding the issue Eye Style has presented to the court will not settle the entire controversy between the parties arising from the underlying lawsuit. Neither will the resolution of the underlying lawsuit.  But, there is no requirement that a declaratory judgment offer a comprehensive resolution of all aspects of a legal dispute.  It is sufficient if the declaratory judgment will decide an actual controversy, if the other factors do not weigh against declaratory relief.  In the end, the question is whether the declaratory action will settle the controversy raised by Eye Style, not the entire controversy between the parties.  We answer that question in the affirmative.

The next factor is whether declaratory relief will serve a useful purpose in clarifying the legal relations at issue.  We believe the answer here is also "yes."  Eye Style is currently being represented by counsel of its choice in the underlying lawsuit.  There will be an issue as to whether such counsel will be reimbursed by defendant under the terms of the insurance policy or whether Eye Style will be considered to have waived

7

such payment by rejecting defendant's assignment of counsel. Settling the dispute over whether Eye Style or defendant may choose independent counsel to defend the claims against Eye Style in the underlying lawsuit will serve a useful purpose because it should assist in determining the cost of Eye Style's rejection of defendant's assignment of counsel. The court believes this factor supports a decision to hear Eye Style's claims.

Defendant asserts that Eye Style is engaging in "procedural fencing" by seeking a ruling that defendant is obliged to cover the expenses of Eye Style's selected counsel in advance of the final determination of the underlying case. However, the court does not read Eye Style's complaint as asking for an advance determination of what are "reasonable and necessary" expenses. Therefore, the court rejects defendant's allegation of "procedural fencing."

Defendant does not allege that a ruling by this court upon the declaratory judgment claim will improperly encroach upon state jurisdiction. The court does not believe it will.

Finally, the court should consider whether there is an alternative remedy which is better or more effective. In this regard, defendant argues that Eye Style is advocating duplicative litigation and that a decision upon the dispute between Eye Style and defendant should be deferred for decision

until it is decided whether there is coverage under the policy for the conduct alleged in the underlying lawsuit.[2] The court disagrees because a decision at this time in this lawsuit may determine whether Eye Style obtains some of the benefits of the insurance policy for which Eye Style has paid premiums. If this matter is deferred until the resolution of the underlying lawsuit, and Eye Style maintains representation by Eye Style's chosen counsel, then Eye Style may not receive a benefit of the insurance policy if it is later decided that Eye Style was obliged to accept defendant's chosen counsel. See Federal Ins. Co. v. X-Rite, Inc., 748 F.Supp. 1223, 1230 (W.D.Mich. 1990)(insured cannot avoid bearing expenses it voluntarily incurred by retaining services of independent counsel of its choice instead of accepting legal services tendered by insurance company). We further note that Eye Style's claim for declaratory relief is requesting the court to decide an issue regarding defendant's duty to defend and, in general, "[b]ecause the duty to defend arises when the claim or suit initiates, a declaration of that duty is appropriate earlier than a declaration of the duty to indemnity or pay." Aspen Specialty

---

[2] If defendant felt strongly at this stage that it was not obliged to defend the underlying lawsuit, defendant could file its own declaratory judgment action. See, e.g., Patrons Mut. Ins. Ass'n v. Harmon, 732 P.2d 741 (Kan. 1987)(declaratory judgment action to determine coverage issue filed during course of underlying wrongful death action).

Ins. Co. v. Utah Local Governments Trust, 954 F.Supp.2d 1311, 1316 (D.Utah 2013).

In sum, the court believes it is proper to consider Eye Style's claim for declaratory relief and therefore rejects defendant's arguments for dismissal pursuant to Rule 12(b)(1).

V. THE COMPLAINT FAILS TO STATE A CLAIM BECAUSE EYE STYLE DOES NOT ALLEGE FACTS DEMONSTRATING A PLAUSIBLE CLAIM THAT DEFENDANT HAS FAILED TO APPOINT INDEPENDENT COUNSEL TO REPRESENT EYE STYLE.

Kansas law does not require defendant to pay for Eye Style's choice of counsel if defendant selects independent counsel to represent Eye Style. In Patrons Mut. Ins. Ass'n v. Harmon, 732 P.2d 741, 745 (Kan. 1987) the court stated:

> In Bell v. Tilton, 234 Kan. 461, 674 P.2d 468 (1983), there was a conflict of interest between the insured and the insurer in a civil action. The insurance company hired independent counsel to defend the insured in the civil action and notified the insured that it was reserving all rights under the policy. This procedure protects both the insured's and the insurer's interests and rights and eliminates the necessity of multiple suits to determine the same issues. We believe this is the proper procedure to protect the rights of both parties under their contract.

In Dyer v. Holland, 1997 WL 807866 *4 (D.Kan. 12/9/1997), the court repeated above commentary from Patrons, and in U.S. v. Daniels, 163 F.Supp.2d 1288, 1290 (D.Kan. 2001) the court cited Patrons for the "established" principle that "insurance companies often hire independent counsel to represent an insured while reserving the right to later contest coverage....In such

10

circumstances, retained counsel owe their duty of loyalty to the insured, not the insurance carrier." This principle was also recognized in Aselco, Inc. v. Hartford Ins. Group, 21 P.3d 1011, 1020 (Kan.App. 2011)("the proper way for an insurer to protect both its insured's and its own interests in cases of conflict is to hire independent counsel for the insured and reserve all of its own rights under the policy") and more recently in Hackman v. Western Agr. Ins. Co., 2012 WL 1524060 *11 (Kan.App. 4/27/2012).[3]

    Eye Style's argument appears to boil down to a claim that under the facts alleged in this case where the underlying lawsuit involves covered and uncovered claims of negligent and intentional misconduct, any counsel selected by defendant cannot be considered "independent." This is not how this court reads the Kansas cases cited in the previous paragraph.[4] As Eye Style has not alleged any other facts from which a court could find that defendant's appointed counsel was not "independent" or able to defend all claims asserted against Eye Style showing loyalty to Eye Style as the insured, the court finds that Eye Style has

---

[3] This view of defendant's duty is also in accord with the language of the insurance contract which states that: "We will have the right and duty to defend the insured by counsel of our choice against any 'suit' seeking those damages [to which this insurance applies]." Doc. No. 1-1 at p. 65.

[4] We note that in the Bell case cited in Patrons, the underlying lawsuit involved intentional and negligent misconduct claims and that the insurance company selected the defense counsel for the insured, although the insured also hired their own counsel.

not alleged a plausible claim that defendant has violated its duty to defend under the insurance contract.[5]

By virtue of this finding the court holds that all of Eye Style's claims must be dismissed.

VI. CONCLUSION

In conclusion, the court shall grant defendant's motion to dismiss. Doc. No. 7. Eye Style's motion for leave to file a surreply (Doc. No. 15) is granted. Eye Style's motion for summary judgment (Doc. No. 10) and defendant's motion to stay deadlines (Doc. No. 13) shall be considered moot.

**IT IS SO ORDERED.**

Dated this 3rd day of June 2014, at Topeka, Kansas.

s/<u>RICHARD D. ROGERS</u>
Richard D. Rogers
United States District Judge

---

[5] The court acknowledges that jurisdictions are split on this question and that it has been said that most courts hold in favor of Eye Style's position. See Douglas R. Richmond, *A Professional Responsibility Perspective on Independent Counsel in Insurance*, 33 No. 1 INSURANCE LITIGATION REPORTER 5 (Feb. 2, 2011).